IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JERRY FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-3480-SSA-CV-S-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Jerry Fields seeks judicial review,[1] of a final administrative decision denying him disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on December 17, 2012. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the

---

[1] With the consent of the parties, this case was transferred to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

Commissioner's decision, we may not reverse it because substantial evidence exists in
the record that would have supported a contrary outcome or because we would have
decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

**Discussion**

Plaintiff was born in 1970 and was 39 years of age on the alleged disability onset date of May 16, 2009.  Plaintiff has a high school education and past relevant work as a telephone solicitor, service technician, communications equipment installer, service station attendant and resident aide.

The Administrative Law Judge (ALJ) found plaintiff to have the severe impairments of mood disorder, substance abuse disorder, and anxiety.  Plaintiff's impairments or combination of impairments were determined not to meet or medically equal the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  The ALJ found that plaintiff retained the residual functional capacity (RFC) to perform a full range of work at all exertional levels, with some limitations to accommodate for his impairments.  The ALJ found that plaintiff must avoid concentrated exposure to hazardous machinery and unprotected heights; must be limited to occupations that require the performance of unskilled work only and that do not require more than occasional contact with the general public or with co-workers; and must be limited to occupations that do

2

not require high production rates. Based on this RFC and the testimony of a vocational expert (VE), the ALJ determined that plaintiff could not do his past relevant work, but that there were a significant number of jobs in the national economy that plaintiff could perform. The VE testified as to representative occupations that plaintiff could perform. The VE testified that plaintiff could perform jobs such as: linen room attendant, casting machine tender, garment bagger, and garment sorter. Accordingly, the ALJ found that plaintiff has not been under a disability, as defined by the Social Security Act, from May 16, 2009, through the date of the decision on April 29, 2011.

Plaintiff argues the ALJ improperly assessed plaintiff's RFC, citing the ALJ's failure to include the limitation that he had moderate difficulty with being told what to do and with criticism. Plaintiff alleges the opinion of Dr. Burstin, adopted by the ALJ, supports an RFC that includes this limitation. Plaintiff further argues the ALJ improperly gave minimal weight to the opinion of his treating social worker, Mr. Heselton, and erred in discrediting plaintiff's credibility.

The Commissioner argues the ALJ properly considered the evidence in the record as a whole, including proper evaluation of the medical opinions. The Commissioner also argues the ALJ gave valid reasons for his credibility determinations. The Commissioner asserts there is substantial evidence in the record to support the ALJ's decision that plaintiff can work.

Upon review, this Court finds that the ALJ's decision that plaintiff is not disabled, as defined by the Social Security Act, is supported by substantial evidence in the record.

The ALJ did not err in determining plaintiff's RFC. Although plaintiff alleges the ALJ failed to account for plaintiff's difficulty in having people tell him what to do and in taking criticism, the transcript of the ALJ's hearing and the record show the ALJ did properly consider this information. Specifically in the hearing transcript, the ALJ recognized plaintiff's statement that "people telling me what to do really strikes a nerve with me," and the ALJ questioned plaintiff about this statement. (TR at 36.) Additionally, this same statement was noted in the narrative of Dr. Burstin, whose opinion the ALJ gave weight.

As to the weight given to Dr. Burstin, but failure to include in the RFC a specific limitation for difficulty in being told what to do and with criticism, this Court finds there to be no error. While Dr. Burstin noted the statement of plaintiff that people telling him what to do

3

strikes a nerve with him, Dr. Burstin did not opine that plaintiff could not do any work that involved the public, coworkers, or supervisors; nor did any other medical professional of record. Rather, Dr. Burstin opined that plaintiff had only moderate limitations in these areas, and determined that plaintiff could only do unskilled work that did not require more than occasional contact with the public or coworkers. Accordingly, the ALJ's limitations contained in the RFC which limit plaintiff to occupations that require the performance of unskilled work only and that do not require more than occasional contact with the general public or with coworkers, and limited to occupations that do not require high production rates were appropriate. The ALJ adequately accounted for the limitations of the plaintiff as set forth in the record.

Moreover, the record shows that the ALJ gave good reasons for discounting plaintiff's credibility as to the disabling effects of his mental health impairments. Gregg v. Barnhart, 354 F.3d 710, 713 (8th Cir. 2003) (ALJ may discredit claimant's testimony for good reason). The ALJ's credibility determination was properly supported with articulated inconsistencies supported in the record that undermined plaintiff's subjective complaints. Credibility questions concerning the claimant's subjective complaints are primarily for the ALJ to decide, and not the reviewing court. See Baldwin v. Barnhart, 349 F.3d 549, 558 (8th Cir. 2003). See also Eichelberger v. Barnhart, 390 F.3d 584, 590 (8th Cir. 2004) ("We will not substitute our opinion for that of the ALJ, who is in a better position to assess credibility."). The ALJ did not err in discounting plaintiff's credibility.

The ALJ did not err in giving minimal weight to the opinion of plaintiff's treating social worker, Mr. Heselton. As a social worker, Mr. Heselton is not an acceptable medical source to establish a medically determinable impairment. Raney v. Barnhart, 396 F.3d 1007, 1010 (8th Cir. 2005). See also 20 C.F.R. §§ 404.1513, 416.902, and 416.913; Tindell v. Barnhart, 444 F.3d 1002, 1005 (8th Cir. 2006). As a social worker, Mr. Heselton's opinions are not entitled to any special significance, but rather, are considered other medical evidence. See 20 C.F.R. §§ 404.1527(c)(2)-(6) and 416.927(c)(2)-(6); SSR 06-03p. In determining what weight to give "other medical evidence," the ALJ has more discretion and is permitted to consider any inconsistencies found in the record. Raney, 396 F.3d at 1010. Here the ALJ gave good reasons for discounting Mr. Heselton's opinion and giving more weight to the opinion of Dr. Burstin, a psychologist.

4

Finally, the ALJ's finding that plaintiff's mental impairments were situational and improved and were controlled with treatment and medication is supported by substantial evidence in the record. The record is inconsistent with plaintiff's allegations of total disability. See Collins ex rel Williams v. Barnhart, 335 F.3d 726, 729-30 (8th Cir. 2003) (impairments that are controlled by medication do not support a finding of total disability).[2]

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed.

Dated this 16th day of January, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge

---

[2] Plaintiff's arguments in support of this appeal were carefully and fully considered. Any arguments that are not specifically discussed in this order have been considered and determined to be without merit. This Court finds there is substantial evidence in the record to support the decision of the ALJ.

5